ELASTIC TIP COMPANY vs. ARNOLD, SCHWINN AND
COMPANY.

Suffolk.    December 7, 1900. — February 28, 1901.

Present: HOLMES, C. J., KNOWLTON, LATHROP, HAMMOND, & LORING, JJ.

In an action for the price of goods sold, it appeared that the defendant agreed to
purchase the goods of A. and that the plaintiff bought out A.'s business and
furnished the goods to the defendant. The defendant declared in set-off alleg-
ing that he had bought other goods of A. under a contract by which A. agreed
to allow him as great a discount as that allowed to any other customer, and that
A. had broken this agreement, and had been overpaid by the defendant the sums
which he sought to be allowed in set-off. *Held*, that even if the novation be-
tween the plaintiff and defendant had adopted the terms of the agreement alleged
in set-off, it would not follow that a claim founded on the failure of A. to allow
the proper discount on sales made by him could be set off against the claim of
the plaintiff for the price of goods sold by the plaintiff to the defendant.

HOLMES, C. J.    This is an action for the price of three thou-
sand pairs of forksides sold by the plaintiff to the defendant,
which seems to be a corporation. The receipt of the goods and
the price were admitted, but the defendant declared in set-off for
discounts on tubing sold to it during the season of 1897, and also
claimed a recoupment to the same amount. The facts were these.
The forksides were ordered of the Chicago Tip and Tire Company
on or about November 10, 1896. In March, 1897, the plaintiff
bought out the Chicago Tip and Tire Company as of March 1,
and after that date filled orders of the defendant to that com-
pany, sent bills in its own name and was paid by the defendant.
It sent the forksides in this way, and it no longer is disputed
that there was evidence on which the plaintiff was entitled to re-
cover the amount of the present bill. But the defendant says
that on November 10, 1896, it also ordered tubing of the Chicago
company, the price to be seventy per cent off Shelby list " and
with the understanding that you guarantee equally as favorable
a price to us as made by you to any other customer during the
season of 1897." The breach of the latter agreement is relied
on, on the ground that the plaintiff's rights are subject to it.

The defendant asked for a ruling that " the goods for the price
of which this suit is brought having been sold under the written

contract between the Chicago Tip and Tire Company and defendant, evidence showing over-payments during the whole life of the contract may be put in [in] recoupment." All that is stated concerning this request in the bill of exceptions is that " the court during the trial had ruled that evidence of sales by the Elastic Tip Company at a greater discount than seventy per cent could not be applied in reduction of the price of goods sold by the Chicago Tip and Tire Company and delivered by it to the defendant." It would seem from the form of statement that this previous ruling was not excepted to, and no further action of the court is shown, so that it is questionable whether any exception was saved or is open with regard to this request. Yet a supposed exception under it is the only one which is not abandoned.

If an exception was taken it does not appear very clearly that the alleged agreement of the Chicago Company was proved, and all that is said as to evidence of a departure from its terms by the plaintiff is that the defendant put in evidence by which it " sought to show " it. There is no evidence except by the remotest inference that the plaintiff knew of the agreement, or that the novation between the defendant and plaintiff adopted its terms.

But supposing all these preliminary difficulties to be got over, the defendant is here acquiescing in a refusal to rule that the goods were sold under the agreement referred to. So far as appears that agreement was wholly distinct from the contract for the forksides, and had nothing to do with it. If so, of course a ruling based on the opposite hypothesis properly was refused, and any question of recoupment is out of the case. The defendant was allowed to prove a set-off if it could. But even in set-off, and on the assumption that the novation between the plaintiff and the defendant had adopted the terms of the supposed agreement concerning the tubing purchase, it would not follow that by adopting them the plaintiff had agreed to sales by the Chicago company and later sales by itself being treated as one continuous dealing, so that a failure to allow the proper discount for the one could be set off against a claim for the other. The ruling of the court went no further than this proposition, if as far.

*Exceptions overruled.*

*C. T. Cottrell*, for the defendant.

*C. H. Sprague*, for the plaintiff, submitted the case on a brief.